Pro Se General Complaint for a Civil Case (Rev. 10/16)

# United States District Court
## for the
### NORTHERN DISTRICT OF ALABAMA
### Southern Division

*Plaintiff*
(Write your full name. No more than one plaintiff may be named in a pro se complaint)

Steven Frank Cameron

v.

The United States of America

Case No.: _____
(to be filled in by the Clerk's Office)

JURY TRIAL ☒ Yes ☐ No

2:17-cv-01364-AKK

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above or on page 2, please write "see attached" in the space and attach an additional page with the full list of names)

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff**
   Name: Steven Frank Cameron
   Street Address: 204 Ivy Brook Trail
   City and County: Pelham, Shelby
   State and Zip Code: Alabama 35124
   Telephone Number: 205 907 9475

B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. If you are suing an individual in his/her official capacity, include the person's job or title. Attach additional pages if needed.

Pro Se General Complaint for a Civil Case (Rev 10/16)

Defendant No. 1
- Name: United States of America
- Job or Title:
- Street Address:
- City and County:
- State and Zip Code:

Defendant No. 2
- Name: Thomas C. Smith, III, FACHE
- Job or Title: Director, Birmingham VA Medical Ctr.
- Street Address: 700 S 19th ST
- City and County: Birmingham, Jefferson
- State and Zip Code: AL 35233

Defendant No. 3
- Name: Monalisa Gnosh
- Job or Title: Medical Doctor
- Street Address: 700 S 19th ST
- City and County: Birmingham, Jefferson
- State and Zip Code: AL 35233

Defendant No. 4
- Name:
- Job or Title:
- Street Address:
- City and County:
- State and Zip Code:

Page 2 of 7

Pro Se General Complaint for a Civil Case (Rev. 10/16)

Defendant No. 5
- Name
- Job or Title
- Street Address
- City and County
- State and Zip Code

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only these types of cases can be heard in federal court: a dispute that involves a right in the United States Constitution or a federal law (as opposed to a state law or local ordinance); a dispute that involves the United States of America (or any of its agencies, officers or employees in their official capacities) as a party; and a dispute between citizens of different states with an amount in controversy that is more than $75,000.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Constitutional or Federal Question  ☒ USA Defendant  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction is USA defendant

The Defendant(s)
Name of Agency __Veterans Administration Medical Center__
Address __700 19th St S, Birmingham, AL 35233__

### B. If the Basis for Jurisdiction is a Constitutional or Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

__38 USC 1151__

Pro Se General Complaint for a Civil Case (Rev. 10/16)

C. **If the Basis for Jurisdiction is Diversity of Citizenship**

1. The Plaintiff

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy – the amount the plaintiff claims the defendant owes or the amount that is at state – is more than $75,000, not counting interest and costs of court, because: *(explain)*

   $197,940.32 for failure to properly diagnose and treat an affliction from which Plaintiff had suffered for over 27 years.

III. **Statement of Claim**

Pro Se General Complaint for a Civil Case (Rev. 10/16)

Write a short and plain statement of the claim. Briefly state the facts showing that the plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Typed pages.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks for the court to order. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive (punishment) or exemplary (warning or deterrent) damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Typed page.

Pro Se General Complaint for a Civil Case (Rev. 10/16)

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

First Name: Steven       Last Name: Cameron
Mailing Address: 204 Ivy Brook Trail
City and State: Pelham, Alabama       Zip Code: 35124
Telephone Number: 205 907 9475
E-mail Address: SFC334@aol.com

Signature of plaintiff: Steve F Cameron
Date signed: 4 August 2017

**\*\*OPTIONAL\*\***

You may request to receive electronic notifications. You may not file documents or communicate with the court electronically. All documents must be submitted in paper and you must serve the defendants.

Type of personal computer and related software/equipment required:

- Personal computer running a standard platform such as Windows or Mac OSX
- Internet access (high speed is recommended)
- A Web browser (Microsoft Internet Explorer 7.0 or 6.0 or Mozilla Firefox 2 or 1.5)
- Adobe Acrobat Reader is needed for viewing e-filed documents
- PACER account – Information and registration at www.pacer.gov

### III. Statement Of Claim

On 15 October 2012, Plaintiff entered Birmingham VA Medical Center (BVAMC) complaining of intense pain in left foot, stating it had been occurring for a long period of time. Plaintiff assigned to Monalisa Gnosh, M.D. at BVAMC's Red Clinic. Dr. Gnosh instructed Plaintiff to remove left boot and sock and questioned Plaintiff as to whether left foot felt warmer than normal. Plaintiff affirmed. Dr. Gnosh diagnosed Gout. Dr. Gnosh did not request blood work to look for uric acid in Plaintiff's bloodstream. Dr. Gnosh did not request x-rays to look for crystallization of uric acid. Dr. Gnosh asked what if any medication Plaintiff was taking to minimize pain. Plaintiff replied nonsteroidal anti-inflammatory drugs (NSAIDs). Dr. Gnosh elected to not prescribe Allopurinol. Plaintiff was dismissed by Dr. Gnosh. At no time did Dr. Gnosh make any physical contact with left foot of plaintiff.

When Plaintiff's foot pain subsided, Plaintiff was no longer able to walk normally in bare feet. Upon Plaintiff's subsequent trips to BVAMC Red Clinic for other ailments/afflictions, Plaintiff complained regarding the inability to walk normally and requested x-rays to determine if Dr. Gnosh improperly diagnosed Gout. These requests were denied.

Over the course of time, Plaintiff secured employment with FedEx Ground. This employment included medical insurance through Blue Cross. On 29 June 2015, Plaintiff entered American Family Care (AFC), 2970 Pelham Pkwy, Pelham, AL 35124, Tel: 205 621 6411. In setting up medical file, Plaintiff waived all protections provided by HIPAA by stating he, Plaintiff, directed AFC to release his, Plaintiff's, medical records to "anyone who asks, no matter who it may be, even if it is someone who walks in off the street". Plaintiff then requested AFC to perform x-rays on left foot to determine if Dr. Gnosh had erred in diagnosing Gout. Physician working at AFC that day was John Watkins, M.D. Dr. Watkins

ordered x-rays. Dr. Watkins viewed x-rays taken and then stated it was his belief that Plaintiff did not have Gout, but requested Plaintiff go to an orthopedic surgeon in Hoover, AL, William D. Krauss, D.O., for a second opinion. On 3 August 2015, Plaintiff went to Southlake Orthopaedics, 4517 Southlake Pkwy, Hoover, AL 35244, Phone 205 985 4111. Plaintiff then set up medical file using same HIPAA directive as was set at AFC. Plaintiff explained to Dr. Krauss the circumstances as to why this visit was occurring. Dr. Krauss ordered x-rays and then viewed them. Dr. Krauss verbally stated definitively that there was "no clinical indication of gout" and asked what course of action Plaintiff requested. Plaintiff requested a letter indicating what the result of x-rays showed and no further action was requested. Dr. Krauss stated Plaintiff would be mailed a copy of his, Plaintiff's, chart from that visit. That 3-page mailing accompanies this statement. Page 2 of that chart includes these words under "Plan": "I see no clinical indication of gout. I do feel that his pain is from the anterior osteophytes." On a subsequent visit to the VA Regional Office (RO) in Montgomery, AL, date unknown, Plaintiff met with Agent Mike Tucker regarding the possibility of a disability claim as a result of malpractice at the BVAMC. Agent Tucker explained to Plaintiff that disability claims are a possibility in accordance with 38USC1151 and that something called a tort claim was also a possibility. Agent Tucker presented Plaintiff a printout (Tort Claims Ready Reference [M21-MR, Part IV, subpart ii, Chapter 3, Section D]) which reads in part "A tort claim must be received by the Office of Regional Counsel within two years of the date of the injury/loss **OR** the date the injury/loss was discovered." (bold and italics added). Plaintiff then submitted a Standard Form 95 dated 20 November 2015 requesting Tort Claim. Plaintif received response from Montgomery Office Of Regional Counsel dated 10 June 2016 (copy included) stating "Our review did not find any negligent or wrongful act or omission on the part of a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment whose actions or inactions

caused injury to your foot condition in October 2012 or subsequent care." It continued with, "Furthermore, a tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.). Your claim is based on a misdiagnosis you allegedly incurred in October 2012. You had until October 2014 in which to file a claim based on a misdiagnosis received in October 2012." That response also stated that Plaintiff had 6 months from the date of that letter to file a notice of disagreement of that decision to Office Of General Counsel, Washington, D.C. (GCDC). Plaintiff filed said notice and stated that statute of limitation HAD been met as a result of the above wording: "A tort claim must be received by the Office of Regional Counsel within two years of the date of the injury/loss *OR* the date the injury/loss was discovered.", and pointing to the fact that discovery occurred when Plaintiff visited Dr. Krauss on 3 Aug 2015, just 3.5 months prior to the SF 95 filing. GCDC's response (copy included) states that just because Plaintiff was diagnosed by Dr. Krauss with bone spurs in 2015, this is not evidence that Dr. Gnosh's diagnosis was incorrect based upon symptoms Plaintiff exhibited at BVAMC in 2012. GCDC concluded the letter by stating that if a tort claim is denied, the matter may be presented to a Federal court for judicial consideration.

Turning to VA FORM 21-526EZ, dated MAY 2015 (copy included), one finds evidence tables for Disability Service Connection. Under 38USC1151, the standard, in part, reads, "the evidence must show that, as a result of VA hospitalization, medical or surgical treatment, examination, or training, you have:

• An additional disability or disabilities; **OR**

• An aggravation of an existing injury or disease; **AND**

• The disability was the direct result of VA fault such as carelessness, negligence, lack of proper skill, or error in judgment, or not a reasonably expected result or complication of the

VA care or treatment;"

## IV. Relief

Plaintiff contends that Dr. Krauss's statement that there was no clinical indication of gout and instead located the anterior osteophytes (bone spurs) is the indicator that Dr. Gnosh erred in her diagnosis and that if Dr. Gnosh had performed blood work and/or x-rays, she would have also located said bone spurs and subsequently been able to provide or order proper treatment to provide an end to over 27 years of recurring pain that Plaintiff had suffered when he, Plaintiff visited with her (Dr. Gnosh). The monetary amount requested, $197,940.32, is based upon the monetary amount of a 40% VA disability multiplied by said 27 year period. Plaintiff seeks remittance of the amount indicated as well as a written apology.